IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                                          )
                                                )   Chapter 7
JEANYNNE VICTORIA STAMBAUGH,                    )
RONALD LEE STAMBAUGH,                           )   Bankruptcy No. 04-00679
                                                )
     Debtors.                                   )

**ORDER RE TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE,
TO APPROVE COMPROMISE AND FOR OTHER RELIEF,
AND DEBTORS' OBJECTION**

On June 23, 2010, the Court held a hearing on the Chapter 7 Trustee's Motion to Sell Property of Estate, to Approve Compromise, and for Other Relief, and Debtors' Objection to the Motion. Attorney Eric Lam appeared with Chapter 7 Trustee Sheryl Schnittjer. Debtors Jeanynne Victoria Stambaugh and Ronald Lee Stambaugh appeared with their attorney, Daniel W. Willems. Additionally, Attorney James Radig appeared, representing James, Dustin, and Nathan Stoneking (the "Stonekings"). After argument and an auction to determine the best offer on the property, the Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

**Statement of the Case**

Chapter 7 Trustee ("Trustee") seeks court approval to sell Debtors' (and Jeanynne's, individually) one-third interest in real estate she inherited from her mother, Nancy Strait ("the Strait real estate"). Debtors object and argue that Jeanynne disclaimed her interest in the Strait real estate. Accordingly, Debtors argue that Trustee has no interest in the Strait real estate to attempt to sell. For the following reasons, the Court concludes that because Jeanynne Stambaugh cannot legally disclaim an interest in property that she had inherited within 180 days of filing for

bankruptcy, such property is property of the Stambaugh bankruptcy estate and can be sold by the Trustee.

**Findings of Fact and Procedural Background**

Debtors filed their Chapter 7 bankruptcy on March 2, 2004. Jeanynne Stambaugh's mother, Nancy Strait, died on May 16, 2004 (within 180 days of the bankruptcy filing). Under Nancy Strait's will, Jeanynne and her two siblings were each to receive a one-third interest in the Strait real estate. On July 19, 2004, Jeanynne filed, in Nancy Strait's probate estate, a disclaimer of any interest in the Strait real estate.

On August 11, 2004, this Court granted Debtors a discharge in their Chapter 7 case. Nearly six years later, on April 12, 2010, the U.S. Trustee moved the Court to re-open Debtors' Chapter 7 case. The U.S. Trustee had received new information regarding the case and sought to investigate Debtors' failure to disclose certain assets and transfers. The Court granted the Motion on April 13.

On May 18, the case Trustee filed the Motion to Sell Property of the Estate currently before the Court. In the Motion, Trustee sought permission to sell Jeanynne's interest in the Strait real estate she inherited within 180 days of filing for bankruptcy. Trustee noted that further investigation revealed Jeanynne's attempted disclaimer of the property was invalid. Trustee proposed to sell the property to the Stonekings, relatives of Jeanynne, for $9,500.00. Debtors objected to Trustee's Motion, arguing that the bankruptcy estate had no interest in the property for the Trustee to sell. Debtors alternatively offered to purchase the property for $11,500.00. The

2

Stonekings made it known they were still interested in purchasing the property and / or bidding against Debtors if their original offer was not accepted.

On June 14, Debtors filed a claim of exemption for Jeanynne's one-third inheritance interest "subject [to the] rights of disclaimer and which the debtor disclaims." Trustee objected to this claimed exemption, arguing that Debtors' claim of exemption was inconsistent with Debtors' purported disclaimer of the property. Debtors later withdrew their exemption claim.

All parties appeared at a hearing on Trustee's Motion to Sell on June 23, 2010. Following the hearing, the Stambaughs and the Stonekings participated in an auction. The Stonekings made the winning (and only) bid of $15,000.00. The Court accepted Trustee's Report of Sale, but reserved ruling on the issue of whether the property interest auctioned by the Trustee was property of Debtors' bankruptcy estate. Following a later status conference with the parties, the Court determined that the property of the estate issue was ripe and needed to be decided. Debtors still asserted that Jeanynne Stambaugh had validly disclaimed the property and there was nothing for her bankruptcy estate to sell.

## Conclusions of Law

Property of the estate includes all real and equitable interests of a debtor in property at the commencement of the bankruptcy case. 11 U.S.C. § 541(a)(1). Additionally, under section 541(a)(5), the bankruptcy estate includes "any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires . . . within 180 days after such date by bequest, devise, or inheritance." 11 U.S.C. § 541(a)(5)(A).

The Eighth Circuit has denied a similar attempt by a debtor to make a disclaimer of an inherited property interest under state law in a federal tax law case.  See Drye Family 1995 Trust v. U.S., 152 F.3d 892 (8th Cir. 1998).   In Drye, the Eighth Circuit held that "the state law consequences of [a party's] right to his mother's estate, namely, the legal fiction that is created through [the party's] disclaimer under [a state statute] is 'of no concern to the operation of the federal tax law.'"  Drye, 152 F.3d 892, 898 (8th Cir. 1998) (citation omitted).  On appeal, the U.S. Supreme Court affirmed the Eighth Circuit and stated:

> The disclaiming heir or devisee, in contrast, does not restore the status quo, for the decedent cannot be revived.  Thus, the heir inevitably exercises dominion over the property.  He determines who will receive the property-himself if he does not disclaim, a known other if he does.  This power to channel the estate's assets warrants the conclusion that [the taxpayer] held "property" or a "righ[t] to property" subject to the Government's liens. . .

Drye v. United States, 528 U.S. 49, 51 (1999) (internal citation omitted).   Several bankruptcy courts, including the Northern District of Iowa, have previously applied Drye's rationale to nullify similar attempts by debtors to make disclaimers under state law.  See e.g., Lowe v. Sanflippo & Boyer (In re Schmidt), 362 B.R. 318, 323 (Bankr. W.D. Tex. 2007) ("Though [Drye] involved the intersection of state disclaimer law and federal tax lien law, the logic employed by the court applies with equal force in the bankruptcy context."); In re Kloubec, 247 B.R. 246, 256 (Bankr. N.D. Iowa 2001) ("There is nothing in the [Drye] opinion to suggest that its clearly articulated ruling is limited to a tax lien application.   To the contrary, the opinion broadly suggests that, in all contexts, the result would be the same."); In re Firrone, 272 B.R. 213 (Bankr. N.D. Ill. 2000).   In Kloubec, this Court addressed a transfer made by Debtors one day prior to filing for bankruptcy and stated that the artificially-created doctrine of "relation back" of disclaimers under state law

4

could not modify a substantive federal bankruptcy statute.  Kloubec, 247 B.R. at 256.  The court described the pre-petition transfer as an illegal attempt to "channel[] an inheritance . . . from the bankruptcy estate into the hands of debtors' children."  Id.

The Stambaughs correctly point out that some bankruptcy cases decided after Drye, however, have upheld some disclaimers of inheritance property under state law.  Gaughan v. Dittlof Revocable Trust & Costas (In re Costas), 555 F.3d 790, 798 (9th Cir. 2009) (citing Bunter v. United States, 440 U.S. 48 (1979) and its "deferential approach to state law").  The Eighth Circuit specifically upheld a prepetition disclaimer by a debtor in the face of a trustee's attempt to avoid the disclaimer as a fraudulent transfer under 11 U.S.C. § 544.  In re Popkin & Stern, 223 F.3d 764 (8th Cir. 2000).

The Northern District of Iowa addressed the Popkin & Stern case in the appeal of this Court's decision in Kloubec.  In re Kloubec, 268 B.R. 173 (N.D. Iowa 2001).  The district court in Kloubec noted that under Drye, "state law may not alter a federal statute" and found that Popkin & Stern was distinguishable because in that case, the trustee's avoiding power under § 544 was derived from state law, not federal law.  Id. at 177.  The district court further noted that Popkin & Stern specifically declined to address "whether Drye carries over to the federal bankruptcy fraud (§ 548) context . . . ."  Id.  The district court found the fraud question in Kloubec arose under federal bankruptcy law and Popkin & Stern did not apply.

In Costas, however, the Ninth Circuit found that the rationale of Popkin & Stern extended to disclaimers even when the bankruptcy trustee's § 548 avoidance power – derived solely from federal law - was in issue.  Costas, 555 F.3d at 798.  Debtors ask this Court to apply Costas, and

5

extend Popkin & Stern, to uphold the disclaimer and find the Trustee had no property interest to sell.

Where a post-petition disclaimer is involved, however, bankruptcy courts generally find them to be invalid. A case decided in the Bankruptcy Court for the District of Nebraska sets out the applicable rationale where the transfer occurs post-petition:

> Federal law, not state law, determines what constitutes the property of the estate. The term "property of the estate" encompasses "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(5)(A) includes as property of the estate property inherited within 180 days of the filing. As of the date of the filing of the petition Mr. Farrior had disclaimer "rights" granted citizens of the Commonwealth under Virginia law. That is a legal interest in property. Since 11 U.S.C. § 541(a)(5)(A) makes inherited property property of the estate as of the filing date, Mr. Farrior's property at filing consisted of the legal right to disclaim and the property. Once he filed Mr. Farrior lost any right to exercise disclaimer under Virginia law because 11 U.S.C. § 704(a)(1) gives the Chapter 7 trustee the duty to "collect and reduce to money the property of the estate. . . ." The right to disclaim after the filing of the bankruptcy petition became property of the estate and only the trustee could administer that legal interest of the debtor. To hold otherwise would permit state law to preempt the Federal Bankruptcy Code.

In re Scott, 385 B.R. 709, 711 (Bankr. D. Neb. 2008) (quoting Wolfe v. Farrior (In re Farrior), 344 B.R. 483, 486 (Bankr. W.D. Va. 2006)). Under that analysis, the debtor in a Chapter 7 bankruptcy loses the right to disclaim the property after filing for bankruptcy because any rights the debtor had vest in the trustee under federal bankruptcy law. See id. The Ninth Circuit specifically recognized the significant difference between pre-petition and post-petition transfer in Costas, 755 F.3d at 796.

**Analysis**

This Court does not need to address the line of cases Debtors cite or determine the effect of Popkin & Stern here. It is undisputed the transfer in this case occurred post-petition, not pre-petition as in the cases Debtors cite. That fact is dispositive here. The disclaimer of inheritance filed by Jeanynne Stambaugh is invalid under Scott. When Jeanynne's mother died, Jeanynne's one-third inheritance interest in the Strait real property automatically passed into the bankruptcy estate under 11 U.S.C. § 541(a)(5). In attempting to disclaim her interest in the Strait real estate, Debtors attempted to transfer an inheritance worth $15,000 from the bankruptcy estate into the hands of Debtors' children without any payment to the bankruptcy estate. Such transfers are ineffective under the applicable law for several reasons.

This post-petition transfer is at odds with 11 U.S.C. § 541(a)(5)(A) and § 704(a)(1). The Debtors invalidly attempted to make a post-petition transfer only the Trustee had the authority to make. Scott, 385 B.R. at 711. Trustee also certainly would have the authority to set the post-petition transfer of property of the estate aside under § 549. While a § 549 issue is not specifically before the Court, the power it provides to avoid post-petition transfer is additional authority for what Trustee seeks to do here. Because Debtors' attempt to disclaim the inheritance failed as a matter of law, Trustee may finalize the sale of the Strait real property for $15,000.00 to the Stonekings.

**WHEREFORE,** for the reasoning set forth above, the Court concludes that Jeanynne Stambaugh's attempted disclaimer of inheritance is invalid.

**FURTHER,** Jeanynne Stambaugh's interest in the Strait real property is property of Debtors' estate.

**FURTHER,** the Chapter 7 Trustee may complete the sale of the Strait real property to the Stonekings pursuant to her duties under 11 U.S.C. § 704.

Dated and Entered:

September 17, 2010

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE